UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 JUN 28 A 9: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

CHARTER COMMUNICATIONS )
ENTERTAINMENT I, LLC d/b/a )
CHARTER COMMUNICATIONS, )
)
Plaintiff, )  Civil Action No. 04-40080-NMG
)
v. )
)
SMITA PATEL, )
)
Defendant. )

## DEFENDANT SMITA PATEL'S ANSWER TO COMPLAINT

The defendant Smita Patel ("Ms. Patel"), by and through her undersigned counsel, hereby answers the allegations of the Complaint filed by Charter Communications Entertainment I, LLC d/b/a Charter Communications ("Charter") as follows:

1. Paragraph 1 asserts legal conclusions that require no response.

2. Paragraph 2 asserts legal conclusions that require no response.

3. Paragraph 3 asserts legal conclusions that require no response.

4. Paragraph 4 asserts legal conclusions that require no response.

5. Paragraph 5 asserts legal conclusions that require no response.

6. Ms. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Paragraph 7 asserts legal conclusions that require no response.

8. Ms. Patel admits that she resides at 358 Main Street, Sturbridge, Massachusetts, and that this address is in Charter's service area.

9. Ms. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Ms. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Ms. Patel admits that Charter offers Home Box Office. Ms. Patel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint.

12. Ms. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Ms. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Ms. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Ms. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Ms. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Ms. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Ms. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Ms. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Ms. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Ms. Patel states that the documents referred to in paragraph 21 of the Complaint speak for themselves as to their contents. To the extent paragraph 21 purports to characterize the contents of documents, responsive pleading to its allegations is not required.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Charter cannot recover on any of its claims under the doctrine of estoppel.

### Third Affirmative Defense

Charter cannot recover on any of its claims under the doctrine of waiver.

### Fourth Affirmative Defense

Charter is barred from obtaining the relief that it seeks by the doctrine of laches.

### Fifth Affirmative Defense

Charter is barred from obtaining the relief it seeks by the applicable statute of limitations.

### Sixth Affirmative Defense

To the extent, if any, that Charter has been damaged, its damages were caused by the acts or omissions of persons for whom Ms. Patel is not legally responsible.

### Seventh Affirmative Defense

To the extent, if any, that Charter has been damaged, its damages are barred by its failure to mitigate those damages.

### Eighth Affirmative Defense

Ms. Patel was not aware and had no reason to believe that her acts constituted a violation of 47 U.S.C.A. § 605 or 47 U.S.C. § 553.

### Ninth Affirmative Defense

Ms. Patel hereby gives notice that she intends to rely upon such other and further defenses as may become available or apparent during discovery in this case, and hereby reserves the right to amend her answer to assert any such defense.

WHEREFORE, Defendant Smita Patel requests that this Court dismiss Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications' Complaint with

prejudice in all respects, enter judgment in favor of Ms. Patel against Charter, and grant such other and further relief as this Court may deem just and appropriate under the circumstances.

Respectfully submitted,

SMITA PATEL.

By her attorneys,

*Mona M. Patel*

Mona M. Patel, Esq. (BBO # 641007)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, MA 02110
(617) 542-9900

Dated: June 25, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand/facsimile on:
6/25/04 *Mona M. Patel*

5